IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           CR No. 17-777 KG

HUMBERTO CERECER-FRAIRE and
ALMA KARINA RAMIREZ-BADILLA,

    Defendants.

## ORDER ADOPTING IN PART AND MODIFYING IN PART MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

In accordance with 28 U.S.C. §§ 636(b)(1)(B) and (b)(3), as well as Federal Rule of Criminal Procedure 59(b), the Court referred Defendant Cerecer-Fraire's "Motion to Suppress Physical Evidence and Statements" ("Motion") (Doc. 28) to Magistrate Judge Gregory Fouratt to conduct hearings and recommend an ultimate disposition. *See* Order of Reference (Doc. 30). On May 30, 2017, after having conducted an evidentiary hearing, Judge Fouratt filed his Proposed Findings and Recommended Disposition ("PFRD"). (Doc. 55). The PFRD included 57 factual findings and 17 conclusions of law, the combination of which led Judge Fouratt to recommend that this Court deny the motion to suppress. *Id.*

On June 8, 2017, Defendant filed an objection to the PFRD. *See* (Doc. 57). Defendant's sole objection is to Conclusion of Law #3, in which Judge Fouratt recommended:

> 3. Under the "fellow officer rule" or "collective knowledge doctrine," Agent Perry's knowledge that the suspect vehicle had stopped for approximately 10 seconds and darkened its headlights before then turning around and heading back south is imputed to Agent Granados, irrespective of whether Agent Perry communicated all of his observations to the other agents.

(Doc. 55) at 18. Defendant asserts that there was no evidence presented, and no factual finding made, that Agent Perry ever communicated to the arresting agent that the subject vehicle had

temporarily stopped and darkened its lights before then turning around. (Doc. 57) at 1-2. Defendant makes no other objections to any aspect of the PFRD. Consequently, Defendant has left unchallenged all 57 factual findings and 16 of 17 conclusions of law.

The United States responded to Defendant's objection by urging this Court to adopt the PFRD and to make one additional conclusion of law. Govt.'s Resp. to Def.'s Objs. (Doc. 58). Specifically, the United States requests that this Court conclude that – irrespective of whether Agent Perry had communicated these additional facts to the arresting agent – the arresting agent had sufficient reasonable suspicion to stop the vehicle. *Id.* at 1-3.[1]

After reviewing the evidentiary record, the parties' briefing, and relevant case law, the Court has made a *de novo* determination of the portion of the PFRD to which Defendant has objected. As explained below, the Court adopts the PFRD in its entirety with the exception that the Court will sustain Defendant's objection and not apply the collective knowledge doctrine. Nonetheless, the remaining facts known to the arresting agent – to which Defendant has not objected – gave him well more than reasonable suspicion to stop the vehicle. Accordingly, the Court will deny the motion to suppress.

## LAW REGARDING OBJECTIONS TO
## PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer motions to suppress evidence in a criminal case to a magistrate judge for a recommended disposition. *See* 28 U.S.C. § 636(b)(1)(B). Either party thereafter "may serve and file written objections to such proposed findings and recommendations[.]" 28 U.S.C. § 636(b)(1). When resolving objections to a magistrate judge's proposal, a district judge

---

[1] The United States also argues for the application of both the "vertical" and "horizontal" varieties of collective knowledge as those doctrines exist under Tenth Circuit law. *See* (Doc. 58) at 3-5. Given the Court's disposition of Defendant's lone objection, however, it is not necessary for the Court to address the application of either variety of collective knowledge.

"shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*[2]

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, Known As: 2121 East 30th Street, Tulsa Okla.,* 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*") (quoting *Thomas v. Arn,* 474 U.S. 140, 147 (1985)). As the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency." *One Parcel,* 73 F.3d at 1059 (citing *Niehaus v. Kansas Bar Ass'n,* 793 F.2d 1159, 1165 (10th Cir. 1986); *United States v. Walters,* 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *One Parcel,* 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" *Id.* at 1059 (citations omitted). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." *Id.* at 1060.

---

[2] Federal Rule of Criminal Procedure 59(b) is consistent in every material respect with each of these statutory parameters.

Where a party files timely and specific objections to the magistrate judge's proposed findings and recommendation, "the statute calls for a *de novo* determination, not a *de novo* hearing." *United States v. Raddatz*, 447 U.S. 667, 674 (1980). The Tenth Circuit has stated that a *de novo* determination pursuant to 28 U.S.C. § 636(b) "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 583-84 (10th Cir. 1995). The United States Supreme Court has noted that, although a district court must make a *de novo* determination of the objected to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the magistrate judge's proposed findings and recommendations. *See Raddatz*, 447 U.S. at 676 ("[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.") (quoting 28 U.S.C. § 636(b)(1)); *Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla.*, 8 F.3d 722, 724-25 (10th Cir. 1993) (holding that the district court's adoption of the magistrate judge's "particular reasonable-hour estimates" is consistent with a *de novo* determination, because "the district court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate, . . . [as] 'Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.'") (quoting 28 U.S.C. § 636(b)(1); *Raddatz*, 447 U.S. at 676) (emphasis omitted).

## ANALYSIS

Because Defendant did not object to any of the PFRD's 57 factual findings or 16 of its 17 conclusions of law, he is deemed to have waived any objection thereto. *See One Parcel*, 73 F.3d

at 1059. This Court has reviewed each of the factual findings and the undisputed conclusions of law.[3] Even without considering whether Agent Perry communicated the entirety of his observations of the behavior of the subject vehicle before it turned around, this Court concludes that the information that he undisputedly communicated – that a vehicle turned around at a location known by the Border Patrol to be a drop-off location for undocumented aliens – was by itself reasonably suspicious. When coupled with the rest of the abundant facts that Defendant has implicitly conceded were known to Agent Gallegos before he stopped the vehicle, Agent Gallegos had substantially more than reasonable suspicion to do so. *See* PFRD (Doc. 55), Concl. of Law #2 (with the exception of the portion of (e) that referred to "the brief stop" [and] "darkening of headlights"). Furthermore, given the additional facts learned by Agent Granados and Agent Diaz in the first few minutes after the stop, the agents' reasonable suspicion that alien smuggling was afoot only increased until it reasonably diverted to a suspicion of drug trafficking. *See id.*, Concl. of Law #s 5-10.[4] This Court agrees that the driver's admission that there might be "meth" in the trunk provided – at the very least – reasonable suspicion to detain the vehicle and its occupants until a canine sniff of the vehicle could be performed. And without question, the positive canine alert and subsequent discovery of a substantial quantity of methamphetamine provided the agents with probable cause to arrest both of the adult occupants of the vehicle.

---

[3] As the party objecting to the PFRD, Defendant bore the burden of arranging for the record to be transcribed for this Court to review. *See* Fed. R. Crim. P. 59(b)(2). Although Defendant has failed to do so, this Court has been able to conduct its *de novo* determination based on the extensive findings and conclusions in the PFRD to which Defendant did not object.

[4] Defendant did not object to the PFRD's conclusions about any events that occurred after the initial vehicle stop. Consequently, he has waived any complaints about the length or scope of the stop or that he lacks standing to object to the search of the vehicle. *See* PFRD (Doc. 55), Concl. of Law #s 11 and 14.

**IT IS ORDERED THAT:**

1. The Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 55) is ADOPTED in its entirety, with the exception of Conclusion of Law #3;

2. Defendant's objection to the application of the fellow officer rule or collective knowledge doctrine (Doc. 57) is SUSTAINED; and

3. Defendant Cerecer-Fraire's Motion to Suppress (Doc. 28) is DENIED.

_____
UNITED STATES DISTRICT JUDGE